UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 JARVAS JOHNSON,

    Defendant.
_____/

Case No. 18-20239
HON. DENISE PAGE HOOD

**ORDER DENYING MOTION TO CORRECT JUDGMENT [#78]**

On June 15, 2018, Defendant Jarvas Johnson entered a plea of guilty to Counts 2 (18 U.S.C. § 1349) and 3 (18 U.S.C. §§ 1028A, 2) of the Indictment involving bank fraud pursuant to a Rule 11 Plea Agreement with the Government. On August 30, 2018, Defendant was sentenced to 35 months of imprisonment, with three years of supervised released, and $11,940.00 in restitution. The "Schedule of Payments" section of the Judgment provides, in part:

> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of the Court.

Dkt. No. 73, PgID 343 (Judgment, p. 8). As a special condition of supervision, Defendant must make monthly payments on any remaining balance at a rate and

scheduled recommended by the Probation Department and approved by the Court. (Judgment, p. 5) Defendant is currently in the Bureau of Prison's custody at the Petersburg Medium FCI in Hopewell, Virginia.

Defendant has now filed the instant motion with this Court seeking modification of the Judgment to provide that Defendant only pay $25 per quarter, rather than the $165 per month that the Bureau of Prison allegedly has begun to assess against Defendant. Defendant contends that the amount the Bureau of Prison is assessing will result in being denied admission to Bureau of Prison programs, including drug and alcohol abuse treatment, being placed in refusal status, and being denied pre-release transition to a Residential Re-Entry Center.

At the onset, the Court notes that Defendant filed the instant motion in this criminal action number. Defendant is in the Bureau of Prison's custody in Petersburg Medium FCI in Hopewell, Virginia. The Bureau of Prison implements the Inmate Financial Responsibility Program and sets forth a payment schedule for the inmate to follow while in custody. 28 C.F.R. §§ 545.10-545.11. Because Defendant is seeking relief regarding the execution of his sentence by the Bureau of Prisons, such relief must be filed: (1) through a petition pursuant to 28 U.S.C. § 2241; and (2) before the district court for the district in which Defendant is incarcerated. *See United States v. Adkins*, 201 F.3d 441 (Table), 1999 WL 1252885 (6th Cir. Dec. 14, 1999) (A request to correct a sentence to limit the Bureau of Prison's withholding of prison pay to

satisfy restitution ordered during a defendant's term of imprisonment must be brought under 28 U.S.C. § 2241 before the district court where the prison is located); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 76-77 (6th Cir. 1977) (a district court has no jurisdiction over prison officials located in another district). The Court lacks jurisdiction to review Defendant's request.

Accordingly,

IT IS ORDERED that Defendant's Motion to Correct Judgment [Dkt. No. 78] is DENIED because the Court is without jurisdiction to address his request.

IT IS ORDERED.

s/Denise Page Hood
United States District Court Judge

Date: April 26, 2019